## CONKLIN v. AUGUSTA CHRONICLE PUB. CO.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1921.)

No. 3629.

1. **Libel and slander ⟊19—Newspaper article held not to convey impression that plaintiff was obscure.**

An item in a newspaper concerning a divorce action, which stated that plaintiff's home was in Winfield, Cowley county, Kan., could not be construed to mean or to convey the impression that plaintiff was an obscure person from an obscure place.

2. **Libel and slander ⟊42(1)—News item held not representation of collusion in divorce case.**

A statement in a news item that plaintiff had agreed that her husband might obtain a divorce on the ground of desertion was not libelous, in that it represented her as being in collusion with her husband to procure a divorce contrary to law and public policy; such news item reporting the substance of the court's opinion wherein it was stated that plaintiff was "willing" that husband be granted a divorce upon the ground that she deserted him, although a false ground.

3. **Libel and slander ⟊51(1)—Lack of malice will prevent recovery in case of privileged communication.**

Under Civ. Code Ga. 1910, § 4429, lack of malice in cases of privileged communications will prevent a recovery.

4. **Libel and slander ⟊42(1)—Honest report of court proceedings "privileged communication."**

A fair and honest report of court proceedings is a "privileged communication," under Civ. Code Ga. 1910, § 4432.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileged Communication.]

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action by Mary L. Greer Conklin against the Augusta Chronicle Publishing Company and others, finally prosecuted against the named defendant alone. From an adverse judgment, plaintiff appeals. Affirmed.

Mary L. Greer Conklin, of Washington, D. C., in pro. per.

Wallace B. Pierce and Benjamin E. Pierce, both of Augusta, Ga. (Wm. H. Barrett, of Augusta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

⟊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. Mary L. Greer Conklin, in her own proper person, filed a petition which she styled a bill in equity, but which in reality was an action at law to recover damages for alleged newspaper libels, against the Augusta Chronicle Publishing Company, the Constitution Publishing Company, and the Morning News, owners of three well-known daily newspapers, then and now published in the state of Georgia.

Mrs. Conklin, who will hereinafter be referred to as plaintiff, voluntarily dismissed out of the suit the Constitution Publishing Company and the Morning News, and thereafter prosecuted the action against the Augusta Chronicle Publishing Company alone. Defendant's demurrer was sustained and the petition dismissed.

At the time the suit was brought, all the alleged libels except one were barred by the statute of limitations, and may be left out of consideration. The publication not barred by the statute of limitations, of which complaint is made, purported to state the proceedings had in the Supreme Court of Georgia, in the case of Conklin v. Conklin, reported in 148 Ga. 640, 98 S. E. 221, which was a suit brought by the present plaintiff to set aside a decree of divorce theretofore obtained against her by her former husband. That publication is alleged to have contained in its caption the words, "Conklin divorce case decided against woman," and in the body thereof the following statement:

"It is shown in the record that Mary L. Greer, whose home was in Winfield, Cowley county, Kansas, was married to George H. Conklin, of Augusta, about 1900," and "Conklin brought suit for divorce and, according to Mrs. Conklin's petition, she was made to understand and believe by him that the ground to be alleged in the libel for divorce would be desertion, to which she agreed."

[1] Plaintiff alleges that the words above quoted from the caption, and the expression in the body of the article, namely, "Mary L. Greer, whose home was in Winfield, Cowley county, Kansas," were intended to mean and to convey the impression that plaintiff was an obscure person, from an obscure place. We content ourselves with the observation that the construction put upon this language is not the natural one, and that the newspaper statements complained of cannot be made to have the meaning attributed to them by innuendo.

[2] Plaintiff further alleged that the statement that she had agreed that her husband might obtain a divorce on the ground of desertion was false, and also libelous in that such statement represented her as being in collusion with her husband to procure a divorce contrary to law and public policy.

The opinion of the Supreme Court states:

"In no event, according to the allegations of the petition, can it be said that Mrs. Conklin deserted her husband. We do not hold that the divorce suit referred to in this case was a collusive one, because, so far as disclosed by the petition, she did not consent to the bringing of that suit, nor did she in any wise assist, encourage, or aid in its prosecution. She did, however, exercise the legal and moral right to keep silent when she was confronted with the knowledge that her husband had brought the suit for divorce against her upon a false ground. So far as she now discloses, she was willing that the husband be granted a divorce upon the ground that she had deserted him. Indeed, her

only complaint is that the husband sought and obtained a divorce upon the false ground of the mental incapacity of the wife at the time of the marriage."

[3, 4] The opinion of the court is to the effect that plaintiff was willing that her husband should obtain a divorce upon the ground of desertion, while the newspaper article stated that she had agreed that her husband might seek a divorce upon that ground. The only verbal difference between the opinion of the court and the newspaper article is that in the one plaintiff is represented by her acquiescence to have assented, and in the other to have agreed. There is no difference in meaning or effect. It appears to be beyond controversy that the newspaper article fairly and honestly reported the substance of the court's opinion. The publication was not libelous per se, and special damages are not alleged. Under the laws of Georgia, lack of malice in cases of privileged communications will prevent a recovery. A fair and honest report of court proceedings is a privileged communication. Georgia Code, §§ 4429 and 4432.

Error is not made to appear by any of the assignments, and the judgment is affirmed.